**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LORENE HOPKINS,
                Appellant,

        v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
AT-3330-16-0279-I-1

DATE: January 30, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lorene Hopkins</u>, Augusta, Georgia, pro se.

<u>Shannon M. Callahan</u>, Fort Sam Houston, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA), and dismissed for lack of jurisdiction her claims of race and disability discrimination and a violation of the Uniformed

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The relevant background information, as set forth in the initial decision, is generally not in dispute.  Initial Appeal File (IAF), Tab 23, Initial Decision (ID). In April 2015, the appellant, a retired Federal employee and a preference-eligible veteran, applied for the Supervisory Education Services Specialist position, pursuant to merit promotion vacancy announcement number NCFR156421677139608.  ID at 1-3; IAF, Tab 12 at 19-25, Tab 14 at 4-7, Tab 16 at 4-8.  The appellant was placed on a certificate of eligibles, referred to a selecting panel for consideration, and received a high rating, but she was not selected for the position.  ID at 3; IAF, Tab 13 at 19, 22-25, Tab 19 at 18.

¶3        The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that the agency violated her veterans' preference rights and discriminated

against her because of her race. ID at 3; IAF, Tab 2 at 10-11. After OSC closed its investigation, she filed a complaint with the Department of Labor (DOL), alleging that the agency violated her veterans' preference rights. ID at 3; IAF, Tab 2 at 12-15.

¶4 After DOL closed its investigation, the appellant timely filed this appeal. ID at 3-4; IAF, Tab 1. In this appeal, the appellant alleged, among other things, that the agency violated VEOA and USERRA. ID at 4-11. The administrative judge found that the appellant made a nonfrivolous allegation that the Board has jurisdiction over her VEOA claims pursuant to 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B).[2] ID at 4-7; IAF, Tab 17. Without holding the requested hearing, the administrative judge found that the appellant failed to establish that the agency violated VEOA because she was not entitled to any veterans' preference in a merit promotion vacancy announcement and was given the opportunity to compete for the position. ID at 7-10. She therefore denied the appellant's request for corrective action regarding this claim. ID at 2. The administrative judge further found that the appellant did not nonfrivolously allege that the Board has jurisdiction over her USERRA claim. ID at 10-11. The administrative judge also determined that the appellant's allegations of race and disability discrimination and claims of prohibited personnel practices did not provide an independent basis for Board jurisdiction. ID at 11-12.

¶5 The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4.

---

[2] Pursuant to section 3330a(a)(1)(A), a preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference may file a complaint with the Secretary of Labor. Pursuant to section 3330a(a)(1)(B), a veteran described in section 3304(f)(1) who alleges than an agency has violated such section—and thus denied her an opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its workforce under merit promotion procedures—may file a complaint with the Secretary of Labor.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A nonselection for a position is generally not appealable to the Board. *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 6 (2012). However, an appellant may appeal a nonselection through various statutory means, such as VEOA or USERRA. *Becker v. Department of Veterans Affairs*, 107 M.S.P.R. 327, ¶ 5 (2007).

<u>The administrative judge properly denied corrective action concerning the appellant's VEOA claim.</u>

¶7      The administrative judge correctly noted in the initial decision that, as a preference eligible and a veteran, the appellant may seek corrective action for her VEOA claim pursuant to 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B). ID at 6-8. Neither party challenges the administrative judge's finding that the appellant has made a nonfrivolous allegation of Board jurisdiction over her VEOA claim under both statutory subsections. ID at 4-7; *see Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 5 (2016) (finding that the Board has jurisdiction over the appellant's right-to-compete claim under 5 U.S.C. § 3330a(a)(1)(A) and (a)(1)(B)). We affirm that finding herein.

¶8      To prevail on her VEOA claim pursuant to section 3330a(a)(1)(A), the appellant must prove by preponderant evidence[3] that (i) she is a preference eligible within the meaning of the VEOA, (ii) the actions at issue occurred on or after October 30, 1998, and (iii) the agency violated her rights under a statute or regulation related to veterans' preference.[4] *Isabella v. Department of State*, 106 M.S.P.R. 333, ¶¶ 21-22 (2007), *aff'd on recons.*, 109 M.S.P.R. 453 (2008).

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[4] The Board has held that 5 U.S.C. § 3304(f)(1) is a statute relating to veterans' preference. *Walker v. Department of the Army*, 104 M.S.P.R. 96, ¶ 16 (2006).

To prevail on a VEOA claim pursuant to section 3330a(a)(1)(B), the appellant must prove by preponderant evidence that: (i) she is a veteran as described at 5 U.S.C. § 3304(f)(1); (ii) the actions at issue occurred on or after December 10, 2004; and (iii) the agency denied her the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010); *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 19 (2010). As noted above, it is undisputed that the appellant is a preference eligible and a veteran, the agency accepted applications from outside its workforce pursuant to merit promotion procedures, and the nonselection occurred in 2015.

¶9      We agree with the administrative judge that the appellant has not met her burden to show that the agency denied her the opportunity to compete for the position or violated her rights under a statute or regulation related to veterans' preference. The appellant's placement on the certificate of eligibles, referral to the selection panel, and subsequent rating—which was lower than the selectee's rating, IAF, Tab 13 at 19-20—satisfies the agency's obligation to provide her with an opportunity to compete for the position. *See, e.g.*, *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶¶ 8-11 (2010) (finding that the agency satisfied its statutory obligation to permit the appellant, an outside candidate, to compete for a Custodian position when an agency official involved in the selection process reviewed the appellant's file to determine his qualifications, but the agency ultimately decided to fill the positions internally). We agree with the administrative judge that the appellant was not entitled to veterans' preference because the vacancy was announced pursuant to merit promotion procedures,[5] and the appellant was given an opportunity to compete for the position, consistent

---

[5] The appellant asserts on review that she should have been placed at the top of the certificate of eligibles. PFR File, Tab 1 at 6. However, such procedures are only applicable in the competitive examination process, not the merit promotion process. *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1382 (Fed. Cir. 2007).

with 5 U.S.C. § 3304(f)(1).  Thus, she properly denied the appellant's request for corrective action.  Because there was no genuine dispute of material fact regarding her VEOA claim, the administrative judge properly did not hold the appellant's requested hearing.  PFR File, Tab 1 at 5; *see Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).

¶10        We have considered the appellant's assertion on review that the agency gave the selectee preferential treatment because she was serving on a detail in the position for which the vacancy had been announced and the selectee allegedly made some odd statements to her.  PFR File, Tab 1 at 5-6.  Such allegations, even if true, do not change our analysis of whether the appellant was given an opportunity to compete for the position.

The administrative judge properly dismissed for lack of jurisdiction the appellant's USERRA claim and her allegations of discrimination and other prohibited personnel practices.

¶11        To establish the Board's jurisdiction over her USERRA claim, an appellant must make nonfrivolous allegations that (1) she performed duty or has an obligation to perform duty in a uniformed service of the United States, (2) the agency denied her initial employment, reemployment, retention, promotion, or any benefit of employment, and (3) the denial was due to the performance of duty or obligation to perform duty in the uniformed service.  38 U.S.C. § 4311(a); *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 11 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

¶12        In the initial decision, the administrative judge noted that the appellant alleged that the agency did not select her because of her service-related disability.  ID at 10-11 (citing IAF, Tab 12 at 5).  The administrative judge concluded that such an allegation did not constitute a nonfrivolous allegation that the agency took the action because of the appellant's military service.  ID at 10-11.  The appellant does not appear to challenge this finding on review, and we agree with the administrative judge that she did not nonfrivolously allege that her uniformed

service was a factor in the nonselection. *See McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 415 (1998) (finding that the appellant's back injury, incurred while performing military service, is incidental to her claim of disability discrimination and does not bring the claim within the Board's USERRA jurisdiction). Because the administrative judge properly found that the Board lacks jurisdiction over the appellant's USERRA claim, she is not entitled to a hearing. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶¶ 17-18 (2008).

¶13    Regarding the appellant's assertion that the nonselection is based on race and/or disability discrimination or otherwise constitutes a prohibited personnel practice, PFR File, Tab 1 at 6-7, such claims are not an independent source of Board jurisdiction. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                               /s/ for
                                    _____
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.